UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PAKISTANI AMERICAN PUBLIC AFFAIRS COMMITTEE ("PAK-PAC"), <br><br> *Plaintiff*, <br><br> v. <br><br> PAKISTANI AMERICAN POLITICAL ACTION COMMITTEE and DR. RAO KAMRAN ALI <br><br> *Defendants*. | Case No: 1:24-cv-2727 <br><br> **Jury Trial Demanded** |

## Complaint

Plaintiff Pakistani American Public Affairs Committee ("PAK-PAC") complains against defendants Pakistani American Political Action Committee ("Infringing PAKPAC") and Dr. Rao Kamran Ali ("Ali") (collectively "Defendants") as follows:

### *Introduction*

1. This case arises from Defendants' intentional infringement of PAK-PAC's common law rights in its PAK-PAC and PAKPAC trademarks. Under those marks, plaintiff PAK-PAC has provided educational services, a platform to influence public policy, and supported political candidates and issues for Pakistani-Americans throughout the United States of America since its founding in or about 1989. Defendant Ali recently embarked on a campaign to confuse donors, silence plaintiff PAK-PAC, and promote himself by creating a new organization in August 2024 using PAK-PAC's name and anointing himself the leader of his mirror organization, solely because he was about to be removed from the board of PAK-PAC.

2. Plaintiff PAK-PAC first registered as a political action committee with the Federal Election Commission in or about 1989. Since at least 1996, PAK-PAC has been using its PAK-PAC and PAKPAC marks to identify and distinguish its political action committee services. In or about 2004, PAK-PAC also began using the following logo, among others, to identify and distinguish its political action committee services[1]:



3. Defendant Ali is a former and disgruntled President of the board of directors of PAK-PAC. Ali used the PAK-PAC Marks throughout his presidency of the organization without complaint. Earlier this year, *while still serving on the board of PAK-PAC*, Ali formed his competing political action committee, giving it a confusingly similar name, "Pakistani American Political Action Committee," which he refers to with the identical and infringing mark "PAKPAC."

4. This was intentional. Ali knew PAK-PAC also described itself as the Pakistani American Political Action Committee. To achieve his nefarious goals, Ali registered his new organization under this confusingly similar name and mark with the Federal Election Commission ("FEC"). Ali also has sought to register "PAKPAC" and the PAKPAC logo as trademarks with the United States Patent and Trademark Office.

---

[1] Together, PAK-PAC, PAKPAC, and the PAKPAC logo are referred to in this Complaint as the "PAK-PAC Marks."

5. Ali's formation of his Pakistani American Political Action Committee as well as his intentional use of the confusingly similar acronym PAKPAC and identical PAK-PAC logo are motivated by animus for and a desire to harm the reputation of PAK-PAC. In his trademark application, Ali even claimed to have been using these marks since 2014. Of course, that is not possible as Ali did not form his political action committee until last month, *August 2024*. Essentially, Defendants are trying to steal the name, mark, history, and good will of plaintiff PAK-PAC which it has built over decades of serving the Pakistani-American community.

6. Defendants' ongoing use of the plaintiff's PAK-PAC Marks also is intended to confuse potential donors and divert funding from PAK-PAC to Infringing PAKPAC contrary to the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

7. Defendants' willful use of such infringing marks also poses a grave and imminent threat to the reputation and good will of plaintiff PAK-PAC and should be promptly enjoined. Indeed, Defendants' efforts to steal the name and good will of plaintiff PAK-PAC, passing itself off as the real PAK-PAC, poses an existential threat to this long-standing minority-affiliate political organization.

8. Therefore, plaintiff PAK-PAC is left with no choice but filing this suit to protect its very existence including its longstanding, valuable trademark rights in the face of Defendants' ongoing willful infringement.

### *The Parties*

9. Plaintiff Pakistani American Public Affairs Committee PAK-PAC, also known as PAK-PAC, is a political action committee registered with the FEC. PAK-PAC has its principal place of business located at 20 F Street NW, Suite 775, Washington, DC.

10. Defendant Pakistani American Political Action Committee, also calling itself PAKPAC, purports to be registered with the FEC as a political action committee formed in August 2024. Defendant PAKPAC has its principal place of business located at 1609 Enclave Court, Southlake, Texas.

11. Defendant Dr. Rao Kamran Ali ("Ali") is a natural person and a resident of Southlake, Texas.

### *Jurisdiction and Venue*

12. PAK-PAC's claims arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, including the Anticybersquatting Consumer Protection Action, 15 U.S.C. § 1125(d).

13. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338(a) and (b); and 28 U.S.C. §§ 2201 and 2202.

14. This Court has personal jurisdiction over Defendants because defendant Ali (i) has sought to register the infringing mark PAKPAC in the United States Patent and Trademark Office, (ii) has registered his Pakistani American Political Action Committee with the Federal Election Commission as a political action committee in this District, and (iii) both Ali and Infringing PAKPAC have knowingly and intentionally sought to confuse donors as to the identity and affiliation of Infringing PAKPAC with plaintiff PAK-PAC diverting funds that would have been received or disbursed in this

District, and thereby trading off of and stealing the good will of plaintiff PAK-PAC in this District.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because defendant Ali registered defendant Pakistani American Political Action Committee as a political action committee in this District; and on information and belief, Defendants are soliciting donations and otherwise competing with plaintiff PAK-PAC in this District. That is, actions giving rise to plaintiff PAK-PAC'S claims for trademark infringement, misuse of its domain name, and declaratory judgment have occurred in this District.

### *Plaintiff's PAK-PAC Mark*

16. Plaintiff Pakistani American Public Affairs Committee, PAK-PAC was founded in 1989 by a group of Pakistani-Americans seeking greater political coordination, activism, and advocacy. PAK-PAC is not affiliated with any political party in the United States of America or in Pakistan. PAK-PAC's mission is to support candidates for public office who are committed to policies that promote good governance, education, and security in Pakistan and civil liberties in the USA.

17. In or about 1989, PAK-PAC registered as a political action committee with the Federal Election Commission. Until Infringing PAKPAC appeared, on information and belief, plaintiff PAK-PAC was the only Pakistani-American organization registered with the FEC.

18. Plaintiff has continuously used the word mark PAK-PAC in connection with offering political action committee services since at least 2003 and as early as 1996.

PAK-PAC began publishing a weekly newsletter bearing its marks in or about 2009. PAK-PAC uses its marks and logos on its social media accounts, including Twitter, Instagram, and Facebook. In or about 2020 to 2022, PAK-PAC paid a Pakistani television news outlet to promote the organization. PAK-PAC has and continues to use its marks at conferences and other in-person events.

19. Plaintiff has continuously used the following logo mark in connection with its offering political action committee services since at least 2003:

 and 

20. The following images are true and correct examples of PAK-PAC's use of its marks in the course of its political action committee activities and services:

 

21. As a result of this widespread, continuous, and exclusive use and promotion the PAK-PAC Marks, these marks represent valuable goodwill inuring to the benefit of Plaintiff.

22. Since about 2003, plaintiff PAK-PAC has owned, operated, and maintained a publicly available website found at the URL address www.pakpac.net and later at the URL address www.pakpacusa.org. A true and correct screenshot of PAK-PAC's current website is included below:



23. On or about September 19 and 20, 2024, plaintiff PAK-PAC filed applications to register its PAK PAC and PAKPAC marks with the United States Patent and Trademark Office, U.S. Serial Nos. 98759291 and 98761303, respectively. PAK-PAC's trademark registration applications identify the services it offers under the PAK

PAC Marks as "association services, namely, promoting the interests of Americans interested in maintaining and improving friendship and goodwill between the United States and Pakistan; political action committee services, namely, promoting the interests of Pakistani Americans in the field of politics; providing information, news, and commentary in the field of politics" in International Class 35 and "organization of events for cultural purposes; providing information, news, and commentary in the field of current events relating to the relationship between the United States and Pakistan; providing information, news, and commentary in the field of current events via the Internet" in International Class 41.

*Defendants' Infringing Mark*

24. Defendant Ali formerly served as President of plaintiff PAK-PAC from about 2020 to 2022. In or about late-2023, a dispute arose between Ali and PAK-PAC stemming from Ali's inflammatory public statements criticizing Israel's response to the terrorist attacks and hostage-taking by the Hamas organization.

25. On or about September 2, 2024, Ali was notified of his potential removal from the Board of Directors of PAK-PAC. Ali then formed a new political action committee. He named his new committee "Pakistani American Political Action Committee." Ali refers to his new committee as PAKPAC. In this Complaint, Plaintiffs refer to Ali's new committee as "Infringing PAKPAC."

26. On information and belief, Ali knowingly and intentionally chose the name and acronym PAKPAC for *his new* political action committee because it is nearly

identical to plaintiff PAK-PAC out of animosity for PAK-PAC in light of his personal disagreements with PAK-PAC.

27. On information and belief, Infringing PAKPAC supports candidates for public office and advocates for public policy. That is, Infringing PAKPAC offers similar political action committee services as plaintiff PAK-PAC.

28. On or about August 16, 2024, defendant Infringing PAKPAC registered as a political action committee with the Federal Election Commission.

29. On or about August 27, 2024, defendant Infringing PAKPAC filed an application to register the mark PAKPAC with the United States Patent and Trademark Office. A true and correct copy of Defendant's trademark application, Serial No. 98720004, is attached to this Complaint as Exhibit A.

30. In its trademark application, Infringing PAKPAC identified International Class 35 as the field of use. Infringing PAKPAC identified the services offered under that mark as "political action committee services, namely, promoting the interests of Pakistani Americans in the field of politics."

31. In its trademark application, Infringing PAKPAC identified its first use of its claimed mark as "at least as early as 01/01/2014." Infringing PAKPAC made this claim even though it did not exist until August 2024. Only plaintiff PAK-PAC existed and was using the PAK-PAC Marks as early as 2014.

32. In its trademark application, Infringing PAKPAC used and claimed as its trademark a nearly identical copy of the PAKPAC logo found on Plaintiff's website. Infringing PAKPAC's infringing logo is a direct, intentional copy of plaintiff PAK-

PAC's logo mark. True and correct images of the logo copied by Defendants and used in their trademark application and Plaintiff's logo as seen on its website are shown side-by-side below:

**Plaintiff's Original Logos:**         v.         **Defendants' Infringing Logo**:

          

33.     Defendant Infringing PAKPAC has created a website using the URL address https://pakpac.org. Infringing PAKPAC's URL is confusingly similar to both plaintiff's PAK-PAC mark and plaintiff PAK-PAC's website found at URL address https://www.pakpacusa.org. A true and correct screenshot of Defendant's website is included below:



34.     Essentially, Infringing PAKPAC is pretending to be the real PAK-PAC and trying to steal the name, mark, history, and good will of plaintiff PAK-PAC.

- 10 -

35. On information and belief, Infringing PAKPAC is soliciting and accepting political donations. On information and belief, potential donors to plaintiff PAK-PAC have been confused and misled into sending their donations to defendant Infringing PAKPAC.

36. Infringing PAKPAC also engages in political activities and makes statements inconsistent with the positions of plaintiff PAK-PAC. Therefore, Defendant's ongoing infringement of the PAK-PAC mark has and is continuing to cause irreparable harm to the reputation and good will of plaintiff PAK-PAC.

37. Therefore, this is an exceptional case under 15 U.S.C. § 1117, and plaintiff PAK-PAC is entitled to recover under that section, including its reasonable attorneys' fees.

## COUNT I
*Lanham Act Violation - Federal Unfair Competition - 15 U.S.C. § 1125(a)*

38. Plaintiff PAK-PAC incorporates the allegations of Paragraphs 1-37 of this Complaint by reference into this Count I as though fully set forth herein.

39. Plaintiff PAK-PAC is the sole owner of the PAK-PAC Marks, having publicly and continuously used the PAK-PAC Marks in connection with its political action committee services since at least 1996 and the PAK-PAC logo since at least 2003.

40. Defendants' acts described in this Complaint constitute a violation of 15 U.S.C. § 1125(a), as Defendants have used and continue to use in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which are likely to cause confusion, mistake, or deception as to the affiliation,

connection, or association of Defendants with plaintiff PAK-PAC, or as to the origin, sponsorship, or approval of Defendants' services by PAK-PAC.

41. Upon information and belief, Defendants' actions have been and are willful, deliberate, and done with knowledge of PAK-PAC's rights. Defendants knowingly and intentionally selected a name for their competing political action committee that is nearly identical to Plaintiff longstanding PAK-PAC's name. Ali, as former President of plaintiff PAK-PAC was aware of Plaintiff's marks at the time he chose to name his competing political action committee "PAKPAC." Similarly, Defendants knowingly and intentionally copied PAK-PAC's logo mark for use with their competing political action committee knowing that they are using plaintiff PAK-PAC's unique identifying logo.

42. In its trademark application, Infringing PAKPAC even claims to have been using its purported marks since 2014 even though Ali did not create his Infringing PAKPAC political action committee until last month, August 2024.

43. As set forth above, Infringing PAKPAC also has registered an nearly identical name with the FEC.

44. Essentially, Defendants are trying to steal the name, mark, history, and good will of plaintiff PAK-PAC.

45. On information and belief, Ali has and is acting out of animus for plaintiff PAK-PAC in light of his former affiliation with PAK-PAC, his personal political disagreements with PAK-PAC, and his eventual resignation as President of PAK-PAC.

46.  Defendants knowingly and willfully are trying to confuse consumers of political action committee services.

47.  Plaintiff PAK-PAC has no adequate remedy at law. Defendants' actions complained of in this Complaint have caused PAK-PAC damage and injury and unjustly enriched Defendants. Unless enjoined by this Court, Defendants will continue to do the acts complained of in this Complaint causing further damage and injury, all to PAK-PAC's irreparable harm and to Defendants' unjust enrichment.

48.  This is an exceptional case under 15 U.S.C. § 1117, and plaintiff PAK-PAC is entitled to recover under that section, including its reasonable attorneys' fees.

## COUNT II
*Anticybersquatting Consumer Protection Act - 15 U.S.C. § 1125(a)*

49.  Plaintiff PAK-PAC incorporates the allegations of Paragraphs 1-37 of this Complaint by reference into this Count II as though fully set forth herein.

50.  Plaintiff has owned and has continuously used its PAK-PAC Marks in connection with its political action committee services since at least 1996. In connection with its political action committee services, Plaintiff has owned, operated, and maintained a public website since at least 2003 initially found at the URL address www.pakpac.net and later at the URL address www.pakpacusa.org.

51.  On or about August 15, 2024, Defendants registered and began using the domain name https://pakpac.org in connection with Defendants' competing political action committee services.

52. Defendant Infringing PAK-PAC's domain name is nearly identical to Plaintiff's distinctive domain name. Defendant's domain name is likely to confuse consumers of the parties' political action committee services.

53. Defendants registered their domain name in bad faith, knowing it was confusingly similar to Plaintiff's longstanding PAK-PAC Marks and domain name. On information and belief, Defendants knowingly and willfully are trying to confuse consumers of political action committee services.

54. Ali, as former President of Plaintiff PAK-PAC was aware of Plaintiff's marks and domain name at the time he chose to name his competing political action committee "PAKPAC" and chose to use the URL pakpac.org as his political action committee's domain name. Viewed in conjunction with Infringing PAKPAC's efforts to steal plaintiff PAK-PAC's name and logo, Infringing PAKPAC is trying to steal the name, mark, history, and good will of plaintiff PAK-PAC.

## COUNT III
*Declaratory Judgment – No Registration of PAKPAC*

55. Plaintiff PAK-PAC incorporates the allegations of Paragraphs 1-37 of this Complaint by reference into this Count III as though fully set forth herein.

56. An actual controversy exists between plaintiff PAK-PAC and Defendants as to ownership of and the right to use the PAKPAC Marks in connection with political action committee services.

57. On or about August 16, 2024, defendant Infringing PAKPAC filed a registration statement with the FEC under the name PAKPAC. Infringing PAKPAC appears to be operating a website using the domain name https://pakpac.org.

58. On or about August 27, 2024, defendant Ali filed an application to register the mark PAKPAC with the United States Patent and Trademark Office, claiming to be the sole owner and user of that mark. (Exhibit A)

59. In his trademark application Infringing PAKPAC identified International Class 35 as the field of use. Ali identified the services offered under that mark as "political action committee services, namely, promoting the interests of Pakistani Americans in the field of politics." This is nearly identical to PAKPAC's description of the services it has been continuously providing under the PAK-PAC Marks since at least 1996.

60. In his trademark application, Ali identified Infringing PAKPAC's first use of its claimed mark as "at least as early as 01/01/2014." Ali, however, made this claim even though Infringing PAKPAC did not exist until in or about August 2024.

61. In his trademark application, defendant Ali used an identical copy of the PAKPAC logo found on Plaintiff's website. True and correct images of the logo copied by Defendants and used in their trademark application and Plaintiff's logo as seen on its website are shown side-by-side below:

**Plaintiff's Original Logos:**     v.     **Defendants' Infringing Logo:**

   

62. Finally, on or about September 10, 2024, Defendants filed suit in state court in Dallas County, Texas purporting to be the true owners and operators of PAKPAC.

63. Essentially, Defendants are trying to steal the name, mark, history, and good will of plaintiff PAK-PAC.

64. Plaintiff PAK-PAC holds all common law ownership rights to the PAK-PAC Marks, having publicly and continuously used the PAK-PAC Marks in connection with its political action committee services since at least 1996.

65. Ali's proposed registration of the PAKPAC mark should be rejected because the proposed mark is essentially identical to Plaintiff's PAK-PAC Marks and is highly likely to cause confusion between the two competing political action committees.

66. Therefore, this Court should declare that defendants Ali and Infringing PAKPAC has no right to register or use the PAKPAC mark in connection with political action committee services and direct the United States Patent and Trademark Office not to grant any such trademark registration to Defendants.

*Prayer for Relief*

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and against Defendants on Counts I through III of this Complaint, granting the following relief:

a) judgment that Defendants have infringed and are infringing Plaintiff's PAK-PAC Marks;

b) judgment that such infringement by Defendants was and is willful;

c) an award of damages and disgorgement of Defendants' profits and unjust enrichment to Plaintiff in an amount to be determined at trial;

d) an order for an accounting of Defendants' profits and unjust enrichment;

e) an order that Defendants compensate Plaintiff for the advertising or other expenses necessary to dispel any public confusion caused by Defendants' infringement of Plaintiff's PAK-PAC Marks and other unlawful acts;

f) transfer of the registration of the domain name pakpac.org to Plaintiff PAK-PAC;

g) an order temporarily, preliminarily, and permanently enjoining and restraining Defendants and their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of this injunction from:

   i. using Plaintiff's PAK-PAC Marks or any confusingly similar mark, name, domain name, or colorable imitation thereof, in connection with

       Defendants' businesses which may in any way mislead or confuse anyone as to the source, affiliation, or sponsorship of such business;

  ii.   registering, trafficking, using or maintaining the registration of the domain name pakpac.org or any other domain name that is identical or confusingly similar to the PAK-PAC Marks;

  iii.  otherwise infringing or diluting the distinctive quality of the PAK-PAC Marks;

  iv.  injuring Plaintiff's reputation and the goodwill associated with its PAK-PAC Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff; and

  v.   causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by Plaintiff, or engaging in conduct tending to create a false commercial impression of Plaintiff's services or any other conduct which tends to pass off Defendants' services as those of Plaintiff PAK-PAC or creates a likelihood of confusion or misunderstanding or false representation;

h) an order directing Defendants to file with the Court, and to serve on PAK-PAC, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

i) an award to PAK-PAC of increased damages to fully compensate PAK-PAC and punitive damages for the willful and wanton nature of Defendants' wrongful acts and because this is an "exceptional" case;

j) an award to PAK-PAC of its costs and expenses, including all reasonable attorneys' fees recoverable under the Lanham Act, Texas common law, or any other applicable law or rule; and

k) an award to PAK-PAC of pre-judgment and post-judgment interest; and such other and further relief as the Court deems just and equitable.

## *Jury Demand*

Plaintiff PAK-PAC demands a trial by jury on all matters and issues properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39 and other applicable state and federal law.

Dated:   September 24, 2024

                                             Respectfully submitted,

                                             */s/ Laura Cordova*
                                             Laura Cordova
                                             State Bar No. 502364
                                             lcordova@jw.com
                                             JACKSON WALKER LLP
                                             1401 McKinney St. #1900
                                             Houston, Texas 77010
                                             Telephone: 713.752.4449
                                             Fax: 713.752.4221

                                             ***Attorney for Plaintiff Pakistani American Public Affairs Committee***